# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| THOMAS D. OVERTON, <br><br> Plaintiff, <br><br> vs. <br><br> TODD DINGBAUM, Anamosa Prison Guard; MITCHELL MICHEL, Anamosa Prison Guard; CHAD KERKER, Anamosa Prison Guard; MIKE BICKFORD, Anamosa Prison Captain; <br><br> Defendants. | No. C05-0016-EJM <br><br><br> INITIAL REVIEW ORDER |

This matter is before the court pursuant to its order of February 10, 2005. In that order, the court directed plaintiff to submit a certified copy of his inmate account statement and a more specific statement regarding certain disciplinary reports, the result of certain disciplinary proceedings, and the results of appeals, if any, that he filed. The plaintiff attempted to comply with the court's order on February 17, 2005. Application to proceed in forma pauperis granted; dismissed.

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. Given his current financial status, the plaintiff shall not be required to submit an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income

credited to his inmate account until the 150.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).[1] The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the plaintiff, proceeding pro se, submitted a complaint under 42 U.S.C. § 1983 to redress the alleged deprivation of his constitutional rights. Jurisdiction is predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

Based on the facts alleged and the relief sought in the instant complaint, it is clear the plaintiff does not state a viable claim under 42 U.S.C. § 1983. While he seeks damages under 42 U.S.C. §1983 for discipline that resulted in the loss of good time credits, he may not so proceed until he has successfully challenged such discipline through habeas or some other proceeding. *See Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002). The disciplinary decision rendered against the plaintiff included the loss of good time credits and has not been overturned or otherwise called into question. Because "his damage claim challenges 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid'", the plaintiff failed to state a claim upon which relief may be granted. *Portley-El*, 288 F.3d at 1067 (quoting *Heck*, 512 U.S. at 486). Accordingly, the plaintiff's action shall be dismissed, and the court need not address the plaintiff's retaliation claim or excessive force claim. *Cf. Radford v. Moka*, 57 Fed. Appx. 278 (8th Cir. 2003) (concluding claim that three officers wrote false disciplinaries against him, the warden did not remedy the situation, and a hearing officer improperly upheld the disciplinaries failed because there

---

[1] On February 7, 2005, the filing fee increased from $150.00 to $250.00. Because the plaintiff filed his application to proceed in forma pauperis prior to the effective date, it is appropriate to rely on the lower figure.

was some evidence actual rule violation occurred and claims for damages failed because *Heck v. Humphrey*, 512 U.S. 477 (1994), barred such claims). Nonetheless, the court notes that neither the retaliation claim nor the excessive force claim appear to have any merit. With respect to the excessive force claim, it is unlikely to succeed because a prisoner must demonstrate that officers used force maliciously and sadistically to cause harm, rather than in a good faith effort to maintain and restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7,(1992). Similarly, the retaliation claim is unlikely to succeed because such a claim may be defended by showing "some evidence" that the inmate actually committed a rule violation. *See Moore v. Plaster*, 266 F.3d 928, 931 (8th Cir. 2001).

It is therefore

ORDERED

1) The plaintiff's application to proceed in forma pauperis is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $150.00 filing fee is paid.

4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

5) The plaintiff's complaint is dismissed.

Dated this 10th day of June, 2005.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

**TO: WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Thomas D. Overton, #800971, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Overton v. Dingbaum, et al.*, Case No. C05-0016-EJM. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $150.00 filing fee. Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> . . . [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

June 10, 2005

/s/ Pridgen J. Watkins

Pridgen J. Watkins
   U.S. District Court Clerk
Northern District of Iowa